# Exhibit A

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

VIET Q. HUYNH, aka JIM HUYNH and TO THUY )
HUYNH, )  FILED )
 )
    Plaintiffs )  2013 MAY 16  AM 10:17     NO. 3-240-13
 )
vs. )  KNOX COUNTY CIRCUIT, CIVIL
 )  SESSIONS & JUVENILE COURT
STATE FARM FIRE AND CASUALTY COMPANY )  CATHERINE SHANKS, CLERK
 )
    Defendant. )
 )

You are hereby summoned and required to serve upon **J. Stephen Hurst**, Plaintiffs attorney whose address is **210 West Central Avenue, P. O. Box 1391, LaFollette, TN 37766**, a true copy of the defense to the complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. You will file the original pleadings with the Court. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Issued this the 16 day of May, 2013.
Witness, Catherine F Shanks, Clerk of said Court, at office in Knox County, Tennessee.

_Catherine F Shanks_      _[signature]_
Clerk                         Deputy Clerk

### NOTICE
**TO THE DEFENDANT(S):**
Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these items include the necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. TCA 26-2-114.

### SERVICE INFORMATION
To the process server, Defendant, **State Farm Fire and Casualty Company c/o Charles Hartsell, Agent** can be served at: **5401 Central Avenue Pike, Knoxville, Tennessee 37912.**

**RETURNED**
I received this summons on the 16 day of May, 2013.
I hereby certify and return that on the 7 day of May, 2013.

It
( ) served this summons together and a complaint on defendant(s)
_State Farm & Charles Hartsell_ in the following manner:
_____

( ) failed to serve this summons within 30 days after its issuance because:

_Constable Bill Rodden_
Process Server/Deputy

42-091K-889

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

VIET Q. HUYNH, aka JIM HUYNH and TIMOTHY )
HUYNH,                                    )
                                          )  FILED
         Plaintiffs                       )  2013 MAY 16 PM 10 18
                                          )
                                          )  KNOX COUNTY CIRCUIT, CIVIL
vs.                                       )  SESSIONS & JUVENILE COURT
                                          )  CATHERINE SHANKS, CLERK
                                          )
STATE FARM FIRE AND CASUALTY COMPANY )      NO. 3-240-13
                                          )
         Defendant.                       )
                                          )

## COMPLAINT

Come the plaintiffs and sue the defendant and for cause of action would say:

1. Plaintiffs are citizens and residents of Knox County, Tennessee residing at 7284 Emerald Heath Road, Powell, Tennessee 37849. Plaintiff, Viet Q. Huynh is also known as Jim Huynh.

2. Defendant is an insurance company authorized to do business in the State of Tennessee.

3. Plaintiffs and defendant entered into an insurance contract, whereby the defendant, for consideration, agreed to insure the plaintiffs from property casualty loss, including damages to their roof from hail damage.

4. Plaintiffs aver that on June 21, 2011 they incurred a loss to their home, namely damage to their roof from a hailstorm.

5. Plaintiffs aver that the damage to their roof from hail is covered in their insurance policy.

6. Plaintiffs aver that the defendant's adjuster determined that the plaintiffs' home needed roof repair, but only to a portion of the roof. Plaintiffs aver that following the suggestion of the adjuster they contacted a roofing company, who repaired the damaged areas on the roof, designated by the defendant's adjuster.

7. Plaintiffs aver that the repairs did not stop the roof from leaking, and that upon complaining to the insurance company additional work was done to their roof.

DEFENDANT COPY

43-091K-889

8. Plaintiffs aver that the roof continues to leak. Plaintiffs aver that as a result of the leaking roof, mold is forming in the interior of their home, as well as water damage to the interior ceiling and walls.

9. Plaintiffs aver that they contracted Dixie Roofing, Incorporated to examine their roof. Plaintiffs aver that Dixie Roofing, Incorporated prepared a report establishing that the entire roof needs to be replaced in order to stop the leaking.

10. Plaintiffs aver that they made the entire report available to the defendant; however, the defendant refuses to repair the roof and stop the leaking.

11. Plaintiffs aver that their policy does not cover mold damage; however, plaintiffs aver that the defendant's failure to repair the entire roof has caused the leaking to continue, and as a result of said failure, mold has built up in the interior of their home. Plaintiffs further aver that the failure to repair the entire roof has caused water damage to the interior ceilings and interior walls. Plaintiffs aver that defendant should be liable to them to repair said mold damage, as well as repair the interior ceiling and walls.

12. Plaintiffs aver that defendant has failed to properly inspect their roof, resulting in an inadequate repair. Plaintiffs aver that the entire roof needs to be replaced.

13. Plaintiffs aver that defendant has acted in bad faith, particularly in failing to effect a proper repair after being advised of the necessity of same.

PREMISES CONSIDERED Plaintiffs pray:

1. Process issue and be served on the defendant requiring it to appear and answer within the time prescribed by law.

2. Plaintiffs be awarded damages, sufficient to replace and repair their entire roof.

3. Plaintiffs be awarded damages from the result of mold damage to the interior of their home; particularly to remove the mold and repair the interior ceilings and interior walls from water damage.

4. Plaintiffs be awarded bad faith damages.

5. Plaintiffs ask for general relief.

6. Plaintiffs demand a jury to try their cause.

FILED this 16th day of May, 2013.

43-CV1K-889

VIET Q. HUYNH, aka JIM HUYNH and
TO THUY HUYNH

By: _____
J. STEPHEN HURST
ATTORNEY AT LAW

PREPARED AND APPROVED BY:

_____
J. STEPHEN HURST, ATTORNEY FOR
PLAINTIFFS
ROGERS & HURST
210 W. Central Avenue
P. O. Box 1391
LaFollette, TN 37766
(423) 562-2656
BPR: 547

42-091K-889