UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VIET Q. HUYNH *aka* JIM HUYNH and TO THUY HUYNH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:13-CV-325 ) (VARLAN/SHIRLEY) ) |
| STATE FARM FIRE AND CASUALTY CO., | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636 and the Rules of this Court. Now before the Court is Plaintiffs' Motion to Remand [Doc. 6]. The Court finds that this motion is ripe for adjudication, and for the reasons stated herein, the undersigned **RECOMMENDS** that it be **GRANTED**.

**I.   BACKGROUND**

It is undisputed that the parties entered into an insurance contract, whereby the Defendant agreed to insure the Plaintiffs for certain specified property casualty losses as described in the insurance policy issued by the Defendant, (hereinafter "Policy"). [Doc. 1-1 at ¶ 3; Doc. 4 at ¶ 3]. There is also no dispute that Plaintiff's home was damaged on June 21, 2011, as a result of a hail storm, and that at least a portion of the damage to Plaintiffs' roof was covered by the Policy. [Doc. 1-1 at ¶¶ 4-5; Doc. 4 at ¶¶ 4-5].

Plaintiffs allege that, consistent with the suggestion of Defendant's adjustor, they contacted a roofing company and the company repaired damaged areas of the roof in a manner consistent with the adjustor's suggestion. [Doc. 1-1 at ¶ 7]. Plaintiffs allege that the roof continues to leak, and they allege that as a result of the leak mold is forming in the interior of their home. [Id. at ¶ 8]. Plaintiffs also allege that the interior of their home has suffered water damage, and they maintain that Defendant is liable for both the mold and the water damage. [Id. at ¶¶ 8-11]. Plaintiffs contend that the Defendant has acted in bad faith by failing to implement a proper repair to the roof after being advised of the necessity of such repairs. [Id. at ¶ 13].

On May 16, 2013, Plaintiffs filed suit in the Circuit Court for Knox County, Tennessee, presenting the above allegations and praying for an award of damages sufficient to replace their entire roof and to compensate for the mold and water damage to the interior of their home. [Id. at 4]. Further, Plaintiffs requested "bad faith damages" and other "general relief." [Id.].

On June 11, 2013, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, and on June 18, 2013, Defendant filed its Answer [Doc. 4]. On June 28, 2013, the Plaintiffs filed a document entitled "Response to Notice of Removal," and on January 15, 2014, the Court instructed the Clerk to re-docket this response as a motion to remand. The Defendant responded in opposition to the Motion to Remand on January 22, 2014, and on February 24, 2014, the parties appeared before the undersigned for a hearing to address the Motion to Remand. Accordingly, this motion is now ripe for adjudication.

II.     **POSITIONS OF THE PARTIES**

In the Motion to Remand, Plaintiffs maintain that the cost of their roof repair is $14,000.00, and that the cost of their interior repairs would not exceed $16,000.00. Plaintiffs do

2

Case 3:13-cv-00325-TAV-CCS   Document 8   Filed 02/24/14   Page 2 of 6   PageID #: 36

not specifically address the damages that they will seek based upon their allegation of bad faith, nor do they address whether they will seek an award of attorneys' fees. Nevertheless, Plaintiffs maintain that "the total damages and the alleged bad faith claim are far below the $75,000.00 jurisdictional minimum." [Doc. 6 at ¶ 2]. Plaintiffs move the Court to return this matter to the Knox County Circuit Court. [Id. at ¶ 8].

Defendant responds that the parties in this suit are diverse and that the damages at issue are likely to exceed the $75,000.00 jurisdictional threshold. Initially, Defendant argues that the Plaintiffs have not properly prayed for remand, because Plaintiffs have not filed a proper motion to remand. [Doc. 7 at 1]. With regard to the remand request, Defendant maintains that it is only required to show that the damages at issue are more likely than not to exceed the jurisdictional threshold. [Id. at 2 (citing PAG Enter.,LLC v. Se. Petro. Distrib., Inc., 2009 WL 3617684 (6th Cir. Oct. 29, 2009))].

Defendant argues that the $14,000.00 roof estimate does not include potential incidentals, such as replacing deteriorated wood blocking, soffit systems, or gutters. [Doc. 7 at 4]. Defendant contends that the cost of addressing the mold allegedly present may exceed $46,000.00, once costs such as HVAC repair, removal and replacement of drywall and carpeting, etc., are included. Further, Defendant contends that Plaintiffs' request for "general relief" should be interpreted as requesting interest on liability, which it submits "is calculated at 10% per year." Id.]. Defendant argues that bad faith damages, which are limited to 25% of the liability for loss, may be as high as $15,125.00. [Id. at 5]. Finally, Defendant urges the Court to include $10,000.00 in attorneys' fees in calculating the jurisdictional threshold. Thus, Defendant argues that, when all of Plaintiffs' damages are included, Plaintiffs' damages will more likely than not exceed $90,000.00

3

## III. ANALYSIS

The diversity statute requires that "the matter in controversy exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Charvat v. GVN Mich., Inc., 561 F.3d 623, 628 (6th Cir. 2009) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

Normally, "the sum claimed by the plaintiff[s] controls," but where plaintiffs seek "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant satisfies its burden when it proves that the amount in controversy "more likely than not" exceeds $75,000. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006) (quoting Gafford v. Gen. Elec. Co., 997 F.2d 150, 156-58 (6th Cir.1993)). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." Everett, 460 F.3d at 822.

As an initial matter, the Court finds that the Plaintiffs did not file a typical (or arguably proper) motion to remand, in the general sense. However, the Court finds that, in light of the prayer for remand, it is appropriate to treat the Response to Removal [Doc. 6] as a motion to remand. The Court further finds that the Defendant had notice of Plaintiff's request for remand both through the filing of the Plaintiffs' Response to Remand on June 28, 2013, and by the Clerk of Court sending notice on January 15, 2014, that the Response would be treated as a Motion to Remand. Furthermore, the Defendant fully responded to the Response/Motion on January 22, 2014 [Doc. 7], and acknowledged at the hearing it did not need any additional time to brief or further respond to the motion. Thus, the undersigned will address the merits of the request for remand.

The Court initially finds that the record before it consists of little more than opinions and representations of counsel as to damages. Counsel for both sides have admitted that their briefing is essentially based upon the findings of counsel. The roofing estimate of $14,000.00 is the only proof submitted to the Court on this issue. [Doc. 7-1]. Neither party has submitted affidavits or exhibits regarding the cost of the mold remediation or other components of compensatory damages, and neither party presented any evidence to the Court at the hearing on this motion.

However, at the hearing, counsel for the Plaintiffs represented that the Plaintiffs' damages would not exceed $72,500.00. Counsel for the Plaintiff represented that even this figure was a "best-case-scenario" figure for Plaintiffs and was based upon counsel's estimation that compensatory damages in this case were likely to be $25,000.00 to $30,000.00 and, at the very most, $50,000.00. Counsel for the Plaintiff conceded that bad-faith damages in this case are statutorily capped at 25% of compensatory damages and, if awarded, would likely be $6,250.00 to $7,500.00, but would not, in any event, exceed $12,500.00. Counsel also represented that Plaintiff would not seek attorneys' fees in excess of $10,000.00, or additional interest.

In sum, counsel for the Plaintiff, as an officer of the Court, represented to the Court that $72,500.00, is and will be the maximum possible recovery by Plaintiffs and exposure to Defendants and would include compensatory damages, bad-faith damages, and attorneys' fees. Counsel for the Plaintiff further represented that Plaintiffs would amend their pleadings to reflect total damages under $72,500.00, upon this case being returned to state court. The Court finds that the Defendant has not presented evidence to undermine this representation, and to the contrary, Defendant's position is largely based upon counsel's opinion. There is no evidentiary support for the mold remediation and compensatory damage figure supplied by Defendant, and

5

there is little support for Defendant's invitation to include interest at 10% per annum under the Plaintiffs' request for "general relief."

Based upon the representation of counsel for the Plaintiffs and in the absence of any evidence to the contrary, the Court cannot find that the amount in controversy "more likely than not" exceeds $75,000. Therefore, the Court finds that the damages sought in Plaintiff's Complaint [Doc. 1-1] do not satisfy the jurisdictional threshold of $75,000, pursuant to 28 U.S.C. § 1332(a).

## IV.   CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that Plaintiffs' Motion to Remand **[Doc. 6]** be **GRANTED,** and that this case be **REMANDED** to the Circuit Court for Knox County, Tennessee.

                          Respectfully Submitted,

                            s/ C. Clifford Shirley, Jr.
                          United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). If either party objects to this Report and Recommendation, a response to such objection must be filed within **seven (7) days** of the objection being filed. See E.D. Tenn. L.R. 7.1(a). The Court will **not** entertain reply briefs on objections. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).